UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. : 19-16338-jkf |
| | ) | |
| LISA A. FELDER, | ) | CHAPTER 13 |
| | ) | |
| Debtor | ) | |

## STIPULATION

COME NOW, this _____ day of _____, 2020, Debtor, Lisa A. Felder, by and through her attorney, Michael D. Sayles, Esquire, and Capital One Auto Finance, a division of Capital One, N.A. ("COAF") by and through its attorney, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Motion for Relief from the Automatic Stay and the Motion to Determine Value:

WHEREAS the Debtor owns a 2013 NISSAN Rogue Utility 4D SV AWD I4, V.I.N. JN8AS5MV5DW603955 ("vehicle"); and

WHEREAS COAF has a lien on the vehicle; and

WHEREAS COAF filed a Motion for Relief from the Automatic Stay with respect to missed post-petition payments; and

WHEREAS the Debtor has filed a Motion to Determine Value; and

WHEREAS the Debtor and COAF seek to resolve the Motion for Relief from Automatic Stay and the Motion to Determine Value and it is hereby stipulated and agreed that:

1. The value of the vehicle to be paid through the Plan is $7,200.00.

2. The value of the vehicle shall be paid through the Plan at 5.25% interest for sixty (60) months. The payments will total $8,201.95 and COAF shall have a total secured claim in that amount.

3. The balance of any claim shall be a general unsecured claim.

4. Debtor shall will file an Amended Plan within ten (10) days of the execution of this Stipulation reflecting these terms.

5. If Debtor shall fail to have a plan conforming to this Stipulation, and Debtor fail to cure said default within fifteen (15) days after notice by COAF (or its counsel) of said default, counsel for COAF may file a Certification of Default with the Court setting forth Debtor's default and COAF shall be granted relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362), and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy.

6. In the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code then Debtor shall pay all pre-petition arrears and post-petition arrears within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtors fail to make payment in accordance with this paragraph then *COAF*, through Counsel, may file a certification setting forth said failure and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

7. A faxed signature shall be treated as an original signature for purposes of this Stipulation.

_____
Jason Brett Schwartz, Esquire
Attorney for COAF
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
267) 909-9036
Dated: 6/4/20

/s/ Polly A. Langdon
_____
Scott F. Waterman, Trustee
Chapter 13 Trustee
2901 St. Lawrence Ave., Suite 100
Reading, PA 19606
(610) 779-1313
Dated:

_____
Michael D. Sayles, Esquire
Attorney for the Debtor
Sayles and Associates
427 West Cheltenham Avenue, Ste. 2
Elkins Park, PA 19027
(215) 635-2270
Dated:

SO ORDERED
BY THE COURT:

_____
Jean K. FitzSimon
U.S. Bankruptcy Judge       **Date: June 12, 2020**